## Case No. 9,756.

### MOORE v. The C. P. MOREY.

[8 Reporter, 583; [1] 25 Int. Rev. Rec. 359.]

Circuit Court, N. D. New York. August 21, 1879.

ADMIRALTY — NEGLIGENCE — DUTY OF VESSEL IN TOW TO FURNISH PROPER LINE.

Where a tug took in tow a schooner, and the tow line was frozen and stiff, and the tug asked for a better line, but no other was furnished by the schooner: Held, that the tug was not liable for any damages resulting to the schooner from the line slipping off the tow post.

[Appeal from the district court of the United States for the Northern District of New York.]

In admiralty.

Wm. A. Moore and George B. Hibbard, for libellant.

J. A. Hathaway and Albertus Perry, for claimant.

BLATCHFORD, Circuit Judge. The only negligence charged in the libel against the tug is, that the master and crew of the tug either recklessly threw off the line of the schooner from the tow post of the tug or carelessly permitted it to slip off while the schooner was in peril and danger of loss should her line be permitted to slip off the tow post of the tug. It is set up in the answer in defence that the captain and crew of the schooner undertook to furnish the tug with a sufficient tow line to tow the vessel into the harbor; that while the schooner was disabled and the current running out of the river and harbor and a heavy sea was rolling and a strong wind was blowing, all of which was well known to the crew of the schooner, her captain and crew neglected and refused to furnish to the tug a dry and suitable line for such purposes; but, on the contrary, furnished the tug with an improper and insufficient line for such purpose, for the reason that the line so furnished was wet and frozen and was covered with ice and was stiff and unyielding, and it was impossible for the captain and crew of the tug to make it fast or keep it from slipping on the post used for the purpose of fastening said tow line to; and that the crew made every effort that lay in their power to fasten and secure said line and prevent it from slipping and getting loose from said post, but were unable to prevent it from slipping and getting detached from said post. The district judge, in his decision, found that the slipping of the line was not

---

[1] [Reprinted from 8 Reporter, 583, by permission.]

owing to any negligence on the part of the tug, but arose from the fact that the line was frozen to such an extent that it could not be securely fastened; that notice of this fact was given by the crew of the tug to the crew of the schooner before the service was undertaken; that the crew of the tug gave their best efforts to the service, and that the tug fulfilled every requirement incumbent upon it for the safe performance of its duty. The same conclusions are arrived at in the findings made by this court. Under the circumstances of this case, the contract between the parties was only that the tug should do her best with the frozen line. She was tendered a frozen line; she asked for a better one; she was told that that was the only one there was, and she was substantially told to do the best she could with it; she did the best she could with it, and there her duty terminated. It was not her duty to have a better line, or an unfrozen line, or to see that the line was in a different condition from its actual condition. Any duty incumbent upon her in that regard was discharged by her objections distinctly made to the frozen line, out of which arose the contract that the tug should do the best that could be done with the use of the frozen line. Libel dismissed.